First case of the morning, call 209-2, Robert Schlenkert v. Sheriff's Merit Commission of McHenry County Chief Dietrich, Sheriff of McHenry County On behalf of the Apple Office, Mr. John H. Kelly On behalf of the Appalachians, Gary Baker Mr. Kelly Are you representing both the Sheriff and the Merit Commission? I am, sir Okay Good morning, members of the court, Mr. Bailey You may please the court We're here this morning to have oral argument on the case of Robert Schlenkert v. Sheriff's Merit Commission of McHenry County and Sheriff Keith Niger, the Sheriff of McHenry County This case, as the court knows, involves the termination of then-Deputy Schlenkert from the McHenry County Sheriff's Department on the basis that he could no longer do the job of a Deputy Sheriff Deputy Schlenkert had been off the job for some two-plus years and in his efforts to return to the job, submitted himself for a retraining session that the Sheriff had ordered This retraining session was to take a number of steps but the first step in the process was a thorough retraining through the Police Training Institute in Illinois The Sheriff has absolute and complete authority to determine what retraining members of his department need and for reasons that are well set out in the record and well set out in our brief the Sheriff determined that in Mr. Schlenkert's case, because of a number of factors including the length of time which he was off the department the fact of his illness that kept him off the department in fact, suffering panic attacks while working as a Sheriff's Deputy the fact that the PTI training was an immersion type of training with scenario-based training in which the Sheriff felt that Mr. Schlenkert would be placed under the kinds of stresses that he would have been placed in when he returned to duty as a Sheriff's Deputy Additionally, he took a hiatus because of some physical disability? It was actually a mental disability, Your Honor I know, that's why I asked the question But didn't he fail a physical test in order to get into the academy? Yes, Your Honor As part of the Police Training Institute's curriculum they require all candidates, and they don't distinguish between people that are initial candidates for hiring in municipal and county police departments across the state or people being retrained, they don't distinguish they require the submission to this power test and the power test is a set of exercises that by the PTI, Police Training Institute's own admission are designed to test the candidate to see that if he's got the physical and mental stamina to undergo the training that's going to go on over the next 12-week period of time I thought the finding of the commission was that it wasn't a physical test It was just a precondition to the power test The power test was a precondition to admission to this training event The power test was not designed to test whether or not Deputy Schlankert was physically fit to perform the duties of a Merit Deputy in McHenry County It was only designed to see if he could go through the rigors of the Police Training Institute That was the purpose of it The sheriff didn't set up that requirement That requirement was a condition of the Police Training Institute The sheriff in fact tried, as the record shows, to have that condition exempted Was there any question at the time that he had physical problems? Because he was examined by a number of doctors and they certified that he had no physical problems he had no mental problems and he was fit to return to work There were no physical issues raised either by any of the doctors both psychologists and medical doctors that examined him nor by Mr. Schlankert himself prior to undergoing the two attempts to gain admission to the Police Training Institute And they weren't raised because they didn't exist? Apparently, Your Honor You said that the sheriff has absolute authority regarding training but the case law tells us that this authority is not absolute The authority is not unlimited It cannot be exercised arbitrarily And in this situation, you have one of the sergeants at the direction of the sheriff who sought a waiver of the test at the beginning So clearly the sheriff didn't feel that at least that component of the training was that important You know, I don't think the sheriff approached that from placing a value on the importance of the power test I think the sheriff's approach there was trying to facilitate Mr. Schlankert's admission to the Police Training Institute But that's the issue here, Your Honor is that the Police Training Institute furnished the training the sheriff believed would best suit both Mr. Schlankert and, importantly, the McHenry County Sheriff's Department And getting him into that training was the sheriff's mission and for the reasons that are set out in the record And if that power training test was going to stand in the way the sheriff was going to try and remove it so that Schlankert could get in and get the training That's what was important to the sheriff Unfortunately, the Police Training Institute has no latitude in removing that precondition to participating in the Police Training Institute But the power test did stand in the way of the training, not only at PTI because there was evidence in the record that this exact same scenario-based training could have been undertaken through a component training system as opposed to in one block And I understand there was some evidence that it would take longer if we didn't do PTI and we did this component-based training But there's nothing in the evidence to say how much longer And couldn't it have, you know, when you're talking about the sheriff wanting to remove this condition that would make it, you know, to get this officer into this training that he wanted him to take But there was other, you know, reasonable methods to undertake that training short of going to PTI The record is clear, there were other methods of training, certainly I do not believe that the record reflects that they were additional scenario-based training or the immersion type of training that the Police Institute provided There were 40-hour, 80-hour courses held here and there around the state or around the county or around the area that Mr. Schlenker could attend that would accomplish some of the same purposes But it's not the same training as any of the police academies whether it's the Police Training Institute, the Police Academy at Springfield that the state police run, the DuPage County Police Academy Those are, you live there, you go through the training as part of a curriculum not as part of independent courses And the sheriff felt that that was the training that Schlenker needed to go through in order to facilitate his re-entry into the department Why is his failure to complete the test and to attend the academy cause for discharge? Is there any case law that you're aware of that has this factual scenario either the same or substantially the same as the facts in this case? I know of no case law, Your Honor, and I don't believe there are any that are exactly on point with this case where this pre-existing condition to admission to the academy played a role in determining whether or not the candidate was able to accomplish the order that is, do the retraining And this is what this case comes down to, Your Honor You've hit the nail on the head that this is a case about whether or not that's cause to discharge And we believe it is, and the reason we believe it is, is because the sheriff, again has the right to determine what training his people need And if Schlenker, in this case, is not forced to go through Well, didn't he comply with whatever the sheriff determined he needed when he originally was certified as capable of being appointed or sworn in place as a deputy? Certainly. I guess my problem is that I'm trying to analogize it And I'm thinking about a situation where a judge or a lawyer has a mental breakdown or is in an auto accident, has debilitating trauma to the head I'm not aware that the judge or the lawyer, if he ever decides to practice law again is required to pass the bar again And that's what this case seems to me to be similar to If he's already passed the bar once, why is he required to pass it twice? And especially, why should this one individual be required to pass the bar twice? I might be able to buy the equity of the situation if the sheriff had rules that might say that every five years, everybody has to pass the bar again But I don't see anything in the rules or regulations that say that the sheriff treats everybody the same First of all, I have to respectfully disagree, Your Honor I did not equivalent this to passing the bar He was certified, and there was no question that he was a certified law enforcement officer But the question is, over the portion of his career, some 14 or 15 years Thank you, Your Honor Over the 14 or 15 years that he was on the street, and then two plus years off I think the court would have to agree that's a long time to be away from your job If any of you were away from your job for two plus years, you would need some kind of retraining, I would presume And that's what the sheriff felt was necessary here, was retraining Not certification, but the kind of courses that were available to update him in the law To update him in procedures, to update him in the latest intricacies of search and seizure To put him in scenarios where they do traffic stops, firearms To put him in situations which would stress him, because that's what the problem was earlier He was stressed, and we wanted to recreate that situation So it's not the same as passing the bar The second point was the sheriff has made this a practice In another situation, the only other situation A correctional officer was away from the job for a similar length of time He was made to go through this same program in the sheriff's department So this has been the sheriff's track record But he was away for double the time he was on the job He was on the job for a very short period of time And he was away from the job for double the time he was actually on the job This is a situation where an officer's on the job for 15 years And now he's got to go back and pass a test that a bunch of 22-year-olds are taking And he's probably, what, 42 at the time or something? The other thing is, you're talking about updating the law and updating this You're adding some things to the record that I didn't see there My understanding is that this sheriff wanted him to go through these scenario-based things To see whether his anxiety disorder would kick in Like making arrests and the type of scenario-based training That was my understanding of why he sent him to PTI Not to update him in the law, not to update him in classroom work Because I think the trial court made a distinction That there was nothing to show on how much of PTI was scenario-based training Versus things like classroom work That apparently the sheriff never at least mentioned Or nobody mentioned in an argument that the sheriff was looking for Well, first of all, I would agree that there was no evidence as to what the percentages were But the curriculum, I thought the curriculum was in evidence But if it wasn't, certainly that's all part of the curriculum The scenario-based training, yes, that was the sheriff's intent here But the part of the curriculum, the 480 hours, includes all kinds of police training All kinds of retraining, all kinds of familiarization To bring Schlenker up to the standard that he should have been at Given his experience, but for his absence over the two-year period Didn't the sheriff agree, though, or someone on the sheriff's behalf Agree that the component training would have fit the bill of what he needed That what he wanted, what the sheriff wanted for this officer to retrain him It's just that it would have taken too long I do not believe that was a testimony, your honor They did say that it could have been done that way That the component training could have covered much of what the police training institute The immersion-based training would have covered But that the sheriff's determination was that the police training institute was the better way to go For a number of reasons, one of which was the length of time that it would have taken to do the component-based But also the fact that it was this scenario-based training Counsel, have you ever heard of the difference between an honorable and a dishonorable discharge? Yes, your honor Is termination for cause deemed to be dishonorable or does it have no connotation whatsoever? I don't know that there's any case law that would say that But I guess my own personal experience would tell me that if you're terminated for cause It's more or less dishonorable discharge Let's forget labels, let's just say proclivities, probabilities If an officer is terminated for cause Would that then mean that obtaining employment on some other equivalent department Either police or sheriffs would be much more difficult to obtain If they were discharged or terminated for cause? You know, I don't know, I think that's hypothetical I suspect that it would be more difficult to obtain I don't know that it would be much more difficult to obtain I'm sure there's police officers across the state who have been terminated for cause in one locale And yet end up being a police officer in another locale And this officer never said he wouldn't do the training, correct? That's correct And there's no indication that he didn't try to pass these tests, I mean, according to the record There's no indication that he didn't try I think the record leaves open the question as to how hard he prepared himself Particularly for the second episode, in spite of the sheriff's offer of time on the job Physical training, physical exercise equipment to prepare himself He turned it down Now his statement in the record was he ran at some point on his own Nothing verified that other than his statement So I think he didn't, he did not It's not that he went there and dummied up and didn't do anything But I think there's real questions raised by the record as to how hard he prepared himself What's the maximum age of entry into the sheriff's department? 35 years of age, that's by statute How old was this officer when he went back to try and take this power test? I believe he was 42, but I'm not, I wouldn't say I'm positive on that You know, when we get to the issue of cause There's a two-part test in Walsh and Fantosi and some of those other cases And it talks about the shortcoming which renders continued employment detrimental to efficiency, discipline, all that I understand your argument on that point But then it uses the word and, which means, in my opinion, both of these things have to be met And the second part of that test says something that law and sound public opinion recognize As good cause for no longer occupying the position And I understand your argument that if he didn't go through retraining I mean, if he had no retraining, you know, I understand that argument But I'm looking at it, at least from the other side, maybe from Mr. Schleicher's side Of the power test, and just the power test, that's the only thing that he failed The only thing this guy failed was the power test Now, is that something that no other officer First of all, that's something that no other officer that's certified in the state of Illinois has to go through again There's nothing, no physical fitness requirements that I'm aware of in the record from the Sheriff's Department Once they're certified So, is that something, a 42-year-old officer who's been on the job for 15 to 17 years I mean, is that something that the law and sound public opinion recognizes As good cause for no longer being a peace officer, not being able to pass the rigors of the power test? I believe it is, Your Honor, and I believe it is because the issue is Why don't they make that for everybody then? I mean, if that's sound public opinion, that every officer on the street ought to be passing this power test Why don't they make everybody pass it every year? Well, first of all, some departments do, by agreement But McHenry doesn't McHenry does not Okay, so, let's just talk about McHenry Okay, and I go back to the point that the other officer who was similarly situated Was made to go through this and passed it And passed PTI So there is precedent in the Sheriff's Office But more importantly, on a statewide basis, for police officers I don't think we want to put police officers out on the street If there's any doubt, I think sound public opinion is There can be no doubt of their ability to do the job And in this case, the power test revealed that for whatever reason Mr. Schlenkert could not gain admission to that academy Now, does that mean that he's not going to complete the academy? I don't know that He never got a chance But it could be I don't know what the statistics are As to officers who don't pass the power test Then going on to fail the academy They can't get in They have to So I think sound public opinion says We need these kind of filters for our police officers That's what this is This is a filter to test this man To see if he's going to do the job in the academy My last question is Did he have some type of pain at the time he was taking the power test? Just my memory is his back And it was some type of stretching exercise And he said he couldn't complete it because of pain in part of his body That was Deputy Schlenkert's testimony Upon the second, actually the third retry The second time he went down to Champaign to try the test Yes, he had some kind of He felt a pull, I believe the testimony was And that it interfered with his ability to finish the sit-ups And that was in the record And how should the sheriff consider that? Because it doesn't sound too extraordinary to me While taking a test All of a sudden I have some type of muscle cramp or problem And whoever's giving me the test says Oh, you flunked because you couldn't do it But again, your honor Can the sheriff consider that aspect of it? It was taken out of the sheriff's hand Because in order to complete the training He had to complete this test The sheriff couldn't say Okay, fine, you couldn't do the sit and reach You finished the other stuff, now So the sheriff has to rely completely on the PTI Yes, your honor And he has no discretion And I understand that with respect to the penalty Even though this was a race The sheriff has many different options besides termination With respect to And your honor, that's true in the ordinary circumstance But what's the options available here? Because again Well, we don't know because they never got into it And the training that the sheriff wanted this man to undergo That the sheriff felt was in his best interest And the department's best interest He couldn't complete it So where do we go from there? What's the sheriff to do? And to me, that's the bottom line in this case Who's going to decide what training is necessary For sheriff's deputies in Montgomery County? Is it the sheriff? Or is it Mr. Schlanker? Or the FOP? Or a trial court? Or who? Who's going to decide that? You just created an issue, a conundrum, an enigma But the solution to it doesn't necessarily mean discharge It may mean some other solution But it doesn't necessarily mean discharge And there's How should I put it? Just because there may be problems with health care reform Or health care doesn't mean that you have to socialize it There are other means to solve a problem And sometimes the best action is no action And so my problem with your arguments is Is that you are equating the inability of this officer To comply with whatever regulations or requirements That the sheriff has placed upon him And determine that if in fact he fails He must be discharged Where does that fit into cause? We believe that is cause We believe it meets the definition of conduct That is a substantial shortcoming He can't do the retraining That affects the discipline, efficiency Why doesn't the sheriff say You don't come back until you do But I'm not going to discharge you Isn't that another alternative possibility? I suppose it is a possibility But where does that end, your honor? No, it's not a question of where does it end The point is, is that The only solution of discharge Doesn't necessarily follow from this problem It's like, if I took your logic Then every discovery violation should result In a judgment against the perp The party who committed the offense And there are other ways to resolve or punish the problem I don't think this situation equates to a discovery violation Well, I think that when you talk about what is cause The statute and the case law doesn't say That the sheriff has the discretion To determine what cause is No, absolutely not That's the court's job Correct Really, it's the merit commission's job And it's this court's job to see If the merit commission's job is to apply facts to law Our job is to determine if that application was correct Yes, your honor Isn't that also sort of arbitrary When the sheriff says Before taking the test Tells the plaintiff If you fail the test, you're terminated By failing the test I'm talking about the power test And there are a lot of reasons He could have failed the test Other than, I mentioned pain in the back And I'm not too sure about your statement Certainly from a judicial knowledge standpoint That all other departments in the state Have periodic tests for all the police Relative to taking the power test And going through QTI I sort of doubt that They don't all do that Some have their own training based I've never heard of one that doesn't And I suspect you're right, your honor But there are physical fitness standards Within certain police departments Internally of their own You'll have an opportunity for rebuttal, sir Thank you Thank you Mr. Bailey Good morning, your honor Mr. Kelly May it please the court The Just recently set the standard very clearly Of what the role of the court is to do Is to look at what the commission did In this particular case Mr. Schlinkert appeared before the commission Obviously put his case on And made his arguments to the commission And when the commission ruled against him He appealed it to the circuit court The rule of law that the commission applied We have no question about The citation to the Walsh case Fantosi, that is the standard There's no issue about the standard In this particular case There is no issue in this particular case Really about the facts That are below They're rather clear The issue really is whether or not The commission applied those facts Properly We believe that they applied them arbitrarily We believe they applied them unreasonably And we believe that the standard That is cited in the Walsh-Fantosi thing Why couldn't they have just done it incorrectly? In other words, it wasn't malfeasance It was mere misfeasance Well, I guess It's easy for me to speculate Why they did what they did Or to what degree they did it But It's We're not putting some sort of motive Upon the commission In terms of did they rule this way Just because they wanted to support the sheriff By any means Probably the most I think the only really glaring thing That we pointed out to the circuit court In our appeal What the commission did was Despite our Point of making We submitted a brief to the commission And we made a point of the fact That The Deputy, Chief Deputy Tried to get a waiver That that was not an issue Which they really took into consideration So we don't know Why they skipped that fact Even though it was pointed out to them In the brief in front of them That that was an important issue We think it's a pivotal issue We think it has to go right to the issue of being arbitrary When the sheriff Initially says The issue of your physical The power test isn't important We want a waiver And then it becomes the linchpin In this continued employment Because I understand that the sheriff Argued I believe That it was against the manifest way to the evidence What the trial court did And I think the commission said something more In the nature of misconstrued The law or the application of the law To the facts. Is that correct? Or did I switch it around? The point is that it's my understanding That the arguments that were made By the appellants Are slightly different And They are different to the extent That One I think Goes more to Whether or not the trial court misinterpreted The facts as opposed to whether or not The trial court determined whether or not Cause or just cause Was Incorrectly or correctly interpreted I believe in terms of the commission's Appeal. Yes They The commission's appeal to you Because this is two cases that were consolidated They look more to what the Circuit court did or did not Do And I think we point out in our brief The case law is clear that This court is not to review really what the Circuit court did but what the commission You were relating to us What the Under sheriff or the First deputy I'm not sure what he's called or what the sheriff did And it seems That our review is not supposed to Be what they necessarily Did but what Your client necessarily Did or didn't do in other words Did your client Do something that constituted Just cause for discharge or did He not do something not Whether the sheriff did or did something Or didn't do something That would negate what Your client did I agree with you The real issue here is whether Or not Again has some substantial Shortcoming that he do something That would negate his service But part of that Certainly that inquiry is whether or not Did He did not follow order And as we point out in our brief That's a serious issue I hate to nuance you again but Failing to follow an order doesn't Mean that you fail to follow An order because you fail to succeed In attempting to follow that order Exactly If somebody says take that fort You can get up to five feet from it With you know five thousand rounds In your general direction And I wouldn't say that you failed to follow the order You just failed to get to the Fort and take it Well it appears to us from the very beginning The issue from the sheriff is There is no nuance to it That by failing to follow the order No failing to succeed In compliance with the order Right Well to us that was the issue Of the sheriff all along There is no nuance to it If I order you As I put in my brief as an example I order you not to create any typographical errors In any of your reports And then you do a typo You fail to follow my order I don't think the sheriff in this case Has any differentiation Between the order of failing to succeed And failing to follow We cite a case In fact we argue that In the Briefs that were filed at the commission The cases cited by the sheriff Were all insubordination cases Where somebody knowingly Intentionally refused to follow an order In this case Yes he didn't succeed in the order But there is no issue that he tried There was a lot of evidence presented No issue that he refused There was evidence put in front of the commission About whether or not How hard he tried Did he try his best Did he use all the options available to him But actually the commission Made clear in its findings That he did try I think the sheriff may want to point out That the sheriff offered We can make available some gym space for you We can have somebody come down And assist you Deputy Schlinkert Wasn't required to do that He didn't prefer to have the drill sergeant Looking over his shoulders as he was doing The sit-ups he trained on his own The commission made that final That his effort To succeed was genuine And there was no testimony brought forth By anybody down at PTI That he was going through the motions Or not trying to do it There is no issue that In the In the case that we put forward In front of the commission That we had evidence that yes Both the unit and Deputy Schlinkert Questioned Whether the training That he was being ordered to fulfill Was the best Was proper Was appropriate I believe the court called it unusual Going back to PTI But at no time have we said That that order was illegal That the order wasn't Required to be followed And he did his best to follow that order So if they Had obtained the waiver of the power test I mean you're saying Basically that your client would have gone to the PTI And had done the PTI training If he would have failed that Then we have a whole different issue Well I mean the burden on you At the trial level, I'm certainly still here It's a pretty high burden that the trial court Felt that he met And that's that the board's finding was arbitrary And unreasonable and as counsel points out The sheriff is in charge of retraining And what the sheriff says basically goes Unless some court or someone else Finds the board or some court finds it to be Arbitrary or unreasonable Now you've already indicated that the fact That the sheriff's office sought a waiver Was one of the things that you hung your hat on As far as the arbitrariness of it What else do you argue regarding The arbitrariness of the order Or the board's finding I think along those lines And that's why we put the evidence on Not to say the sheriff had done something wrong But just to say we know we have to meet this It's being unreasonable, it's being arbitrary Whether or not As the public Is aware or not There is no Continuing legal education for law enforcement officers There is no Requirement for more training There is no Hours required There is no As it may be surprising to this court There is no continuing legal requirement For a physical fitness test Now The department doesn't have one The state doesn't have one For all the law enforcement officers Maybe there should be one Maybe the legislature that's created The Illinois Training Board should create one Will the union allow that? The union That's a joke The union actually in this case We brought forth testimony From the union representative Who said he met with the sheriff To say After this happened Do you now have a physical fitness test Because if you want We want to talk about it But the question is There is no question Despite the lack of regulation in this area The case law is clear If a sheriff or chief of police Questions the physical fitness Of an officer Or the mental fitness of an officer He has the unquestionable right To send him to a doctor To have the person tested However that doctor Thinks it's appropriate And again with no state regulations It's up to that particular doctor And this particular case To point out Not only do we have the four doctors Who sent Mr. Schlenker back to work About his mental condition But when he came back The record is clear The department sent him to a regular doctor For a physical fitness check He sent him back to work He could not go to PTI Before he went to a doctor That is in the record And he passed that test That doesn't stop the sheriff Mr. Kelly used the word filter And I thought that was a very interesting point If upon the Failing the power test The sheriff said Huh, well I just sent him to a doctor A week ago And now suddenly he can't make this test Maybe I should send him back to another doctor Maybe I should have him physically Checked out That was within his legal right to do so And maybe that doctor Said yes, he did pull him So I guess this happened and that happened But I think we did put We did Examine the reasonableness First of the training and the testing Only from the aspect As it was mentioned That the court found Specifically on Page 8 of this decision That there was no evidence About this training that he was being sent to How much of it is scenario based training Versus academics I think in my brief We questioned the issue of If a state's attorney Doesn't like what one of the assistants is doing Sends it back to law school I don't think there's anything wrong With questioning the state's attorney Follow the order, sure I'll do it But don't you really want to send me to an evidence class As opposed to Taking property And civil procedure I think that's the union's role In that situation And look at the sheriff and say Really, you're doing the right thing here You don't contest the reasonableness of the sheriff's order Let me ask you The sheriff's concern That after being off for two years With an anxiety disorder That when the officer confronts something on the street That may kick in again So we want to do some of this scenario based training You don't contest that And there is evidence in the record That that type of training is available Other than PTI Because if it was only available at PTI We might not even be here The sheriff wanted it Because he thought it would immerse him For a short period of time, understandable The component training Component meaning Today we're just going to talk about Felony stops Today we're just going to talk about this As opposed to the whole thing at PTI Yes, PTI will have it within 480 hours It's a living process As opposed to I'm going to send you to felony stops for a week Which probably would include Scenario based training We certainly pointed out In terms of the reasonableness Of the order That It did indeed The sheriff Asked the psychiatrist Who all put him back to work Did the psychiatrist worry about putting you back In stressful situations and take a look at it The answer on the record was No, we didn't ask him about that We assume that they did I would naturally think so But In terms of his decision Ultimately that I've looked at all the facts And I'm going to send him to that That's his right to do so Whether that's He's done it before In that one context of the corrections officer I think You can certainly Look outside And say wasn't there a better way of doing it It's up to the sheriff And his discretion to determine training It was nothing wrong with Schlenker And the union originally questioning it But it was There's no outstanding case About that you can't do that The question here was Once it was determined That he couldn't go to PTI Then why is it those other options Suddenly didn't exist anymore Why is it that suddenly That Well PTI now is the only option It's the only possibility And if you can't get in You're fired It's clear to us that In terms of Where the law and sound public opinion recognizes As a good cause for no longer Offering that job Wasn't present When he said I can't get into the training One of the possible training things I had If the issue of sending Deputy Schlenker was to become Trained When did that get abandoned Because it was at some point Now you have to go to this training If you can't get in Then you can't be a deputy sheriff Anymore There's There is no There's no case law on this This is a very Unusual as the circuit court said Situation of sending somebody back To PTI It's not illegal But it's very unusual And because of it The question is What happened to the other options They were available There's no age restriction at PTI Is that in the record I believe what is in the record Is again you have to be You can't be over 35 To join the department So I would speculate Whether that's part of their requirement I'm talking about PTI requirement Just like passing the power test It's a PTI requirement It wasn't the sheriff's requirement 35 age is the sheriff's requirement Is there something in the record about age at PTI I don't think there is Wouldn't it be reasonable To conclude that If you have an age limit of 35 To get into PTI That the PTI program Would be focused on People that were 35 or younger There's no question the PTI program Is focused on New recruits And as the court said It's unusual Unusual for them To accept The task of being a trainer For someone who's already been certified Time's up sir Thank you Mr. Kelly Thank you your honor A couple of points I want to seize on The first I think most important Is a point that Justice Burke Raised in his discussion With counsel Bailey What if Schlenkert had passed the power test Gone on to PTI Gone through the class and failed it Does the sheriff then Have the right to terminate him at that point And what's the difference between that And the Not passing the power test He's followed the order He simply hasn't taken the fort He's gone down there He's made it into PTI but he hasn't passed What's the sheriff to do then Keep retraining him over and over again Until he finds a course he can pass Is that what we want to recommend for our law enforcement officers I don't think so And I think that's the real issue here What authority is the sheriff Confronted with when he asks somebody To be retrained Deputy Kelly I'm sending you off to a writing school But to get into it You've got to write this essay So I don't write the essay Or I write it poorly and I don't get in I followed the order Or I simply haven't succeeded Well you know counsel I'm not going to tell you that What you just suggested Couldn't happen sometime in the future Under the facts of our case The way I look at it Two facts occurred that Resulted in Plaintiff's termination One He was unable to run What was it He had to run a certain distance In 15 minutes or less And he couldn't do that He ran it in 18 and a half minutes And the other Fact That led to termination And it boils down to two facts That led to termination If you're looking at Physical ability to do a job And mental ability to do a job And the other fact was Some type of I don't remember exactly what it had But it had to do with Bending and stretching the muscles And The plaintiff said I can't do it because I have a soreness in My back I believe he said Those are the two Facts that he essentially Couldn't do As a policeman And after having been a policeman For almost 15 approximately 13 years or 15 years And Coming to a termination Decision based on those Two facts I think Might be an Arbitrary decision When there are other Alternatives available to the Sheriff Give me your view of My view of my comments And your honor if the focus Is on the inability Of Schlenker to Complete the power test for the inability to Complete the power test I have to Agree with you but that I do not believe is The focus of this case the focus of this Case is his inability to be Retrained to the standards that the sheriff wanted Him to be retrained to which was Completion Of the police training institute Curriculum so that he is Reintegrated into the department And if we take that Factual criteria Does it establish Anyone who fails That criteria Is guilty of Or cause Applies such that they should be terminated I think That's a possible yes If as I said when I started If he got in but then Didn't successfully complete PTI I Believe we'd be here again Now you may disagree with that But where else are we to go Well let's take a different scenario Let's say that the Requirements of the sheriff are more strict More onerous And they don't comply Is that The appropriate basis for finding Cause for discharge or let's say The sheriff Takes a different tag and makes it less onerous And he doesn't comply Does that then mean that Cause has been established If it's more onerous your honor I think we have to look at onerous to what point If it's onerous to arbitrary If he says you gotta get a beauty school degree I would agree we'd all agree That's arbitrary and unreasonable we wouldn't be here But if he makes standards that are More strict than say Police training institute makes or the Elgin police department makes I think that's the sheriff's right If he makes standards that are less onerous I think that's his right and if his men His deputies don't comply with those standards He has to take appropriate disciplinary action Up to and including discharge I think that that all follows That's part of the scheme part of the system Two other points I think I have to Address number one PTI was the Only possibility A PTI like school was the only possibility To do what the sheriff wanted to do And all of those require the power test For admission The other thing is There's been talk both in my Initial arguments and in Mr. Bailey's About whether or not Scenario based training was available elsewhere We believe the record would say that it Wasn't and I would cite specifically To pages 106 and 108 And 146 and 147 Of the transcript about the availability Of scenario based training being solely In a police training institute Or that kind of environment As opposed to these component Classes that are available What if the police officer had a Physical disability And PTI wouldn't Accept him for the program unless He passed the psychological test It raises a number of questions The easy answer is well we'd have to see what happens If he passed the psychological test All I've done is flip the facts Here we have a situation where the person Has a mental problem He doesn't have a mental problem He was cured He did have a mental problem And he's now being disqualified Because of a physical Non-compliance Or a non-compliance with a physical test What's the difference between that And the situation that I just related Where he supposedly has a physical disability But now he won't be allowed To go or attend PTI Because he's failed a psychological test Well first of all Again I think I go back to Justice Bowman's point I don't think we're focusing on Failing the physical test as just failing a physical test It's bigger than that your honor It's bigger than that? Well why wouldn't it be bigger than in my scenario And it could be I think he would have to take the psychological test And if he didn't pass the psychological test And PTI refused to admit him on that basis I think we're back here again And if The scenario is only applied To one police officer Or one sheriff's deputy Then does it appear That cause As defined by this one instance Becomes sui generis Your honor There has to be a first of everything In actuality There wasn't a first This wasn't the first There has to be a zero first Well after the zero Then you have a one But since we break away from that zero We have to have a first And Deputy Glemsel was first And went through this process Deputy Schlankert was second The fact that it hasn't happened In any other police department Or at least not that's been reported Through the court system of this state Is lucky for those police departments They didn't have to focus Or face this as Sheriff Nygren did So these are the only two officers In McHenry County Sheriff's history That have ever been off for a significant period of time And then came back to the job As far as I know yes Really And I don't know how we define significant Have there been officers that have been off in the past Yes I'm sure there have But I don't think two or more years Any other questions Okay time is up Thank you very much The case will be taken under advisement And hopefully at a disposition